UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

STEPHANIE MARIE DEBOER,

        Defendant.
_____/

No. 1:17-CR-105

Hon. Paul L. Maloney
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Stephanie Marie DeBoer and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.   <u>Defendant Agrees to Plead Guilty.</u>  Defendant agrees to plead guilty to Count 1 of the Superseding Indictment. Count 1 of the Superseding Indictment charges here with Embezzlement and Theft of Union Funds, in violation of Title 29, United States Code, Section 501(c).

2.   <u>Defendant Understands the Crime.</u>  In order for the Defendant to be guilty of violating Title 29, United States Code, Section 501(c), the following must be true:

    a.   The Defendant was an employee of a labor organization;

    b.   The labor organization was engaged in an industry affecting interstate commerce;

1

c. The Defendant embezzled, stole or abstracted or unlawfully abstracted or converted to her own use or to the use of another, the moneys, funds, property, or other assets of the labor organization; and

d. The Defendant intended to deprive the labor organization of the use of its monies, funds, property, or other assets. The Defendant is pleading guilty because she is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 29, United States Code, Section 501(c) is the following: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that she lacks the ability to pay.

4. <u>Mandatory Restitution (MVRA)</u>. The Defendant understands that she will be required to pay full restitution as required by law

5. <u>Supervised Release Defined.</u> Supervised release is a period of time following imprisonment during which the Defendant will be subject to various restrictions and requirements. The Defendant understands that if she violates one or more of the conditions of any supervised release imposed, she may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. <u>Factual Basis of Guilt.</u> The Defendant and the U.S. Attorney's Office agree

2

and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

    a.    From at least 2012 through September 2015, the Defendant was employed as the bookkeeper and business manager of the International Brotherhood of Electrical Workers (IBEW) Local 876, a labor organization engaged in an industry affecting interstate commerce.

    b.    During that time, she embezzled approximately $307,563.24 of union funds.

    c.    Among other things, the Defendant wrote unauthorized checks out of the IBEW Local 876 Safety Clothing fund to pay rent and to make payments on personal credit accounts including Capital One, Chase, Comenity, Victoria's Secret, ATT, Verizon, Kay Jewelers, Sam's Club, Best Buy, and Citibank.

    d.    The Defendant also wrote unauthorized checks to herself from IBEW Local 876's General Checking Account. These checks were deposited into two accounts, one at Mercantile Bank and one at Huntington National Bank. Both of these accounts were in the Defendant's name and all the checks were endorsed by the Defendant.

    e.    The Defendant admits she knew she was not entitled to the money she embezzled, and admits she intended to deprive the IBEW Local 876 of that money.

7.    <u>The United States Attorney's Office Agrees</u>.

    a.    <u>Dismissal of Other Counts/Charges.</u>    The U.S. Attorney's Office agrees to move to dismiss the remaining count of the Superseding Indictment against the Defendant. The Defendant agrees, however, that in determining the sentence the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where

the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement the Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

b. <u>Acceptance of Responsibility.</u> The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of her offense level for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines. However, the Defendant understands she may not receive acceptance of responsibility credit in the case because of her behavior in absconding from bond. That matter is up to the Court. Moreover, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, however, the Government states that the Defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying it of her intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

8. <u>The Sentencing Guidelines.</u> The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline

4

range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against the Defendant.

d. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

f. By pleading guilty, the Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

10. <u>Waiver of Other Rights.</u>

A. <u>Waiver.</u> In exchange for the promises made by the government in entering this plea agreement, the defendant waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

B. <u>Exceptions.</u> The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1) the defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

2) the defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

3) the district court incorrectly determined the Sentencing Guidelines range, if the defendant objected at sentencing on that basis;

4) the defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

5) the guilty plea was involuntary or unknowing;

6) an attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

11. <u>The Court is not a Party to this Agreement.</u> The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw her guilty plea, and she will remain bound to fulfill all her obligations under this agreement. The Defendant understands that no one – not the

prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

12. **This Agreement is Limited to the Parties.** This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

13. **Consequences of Breach.** If the Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

14. **This is the Complete Agreement.** This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding

7

between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

15. <u>Deadline for Acceptance of Agreement.</u> If a copy of this agreement, executed by the Defendant and defense counsel, is not returned to the U.S. Attorney's Office by **October 31, 2017**, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

ANDREW BYERLY BIRGE
Acting United States Attorney

10/27/17
Date

_____
CLAY STIFFLER
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

10-26-17
Date

_____
STEPHANIE MARIE DEBOER
Defendant

I am Stephanie Marie DeBoer's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/26/17
Date

_____
JODENE WEINER-VATTER
Attorney for Defendant

9